**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS LANZETTA et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | No. 24 C 11404 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| 11902 LONGWOOD LLC, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**OPINION AND ORDER**

Plaintiff Thomas Lanzetta moves for a preliminary injunction to freeze Defendants' ability to engage in allegedly fraudulent transfers of assets. (Dkt. 14). For the below reasons, the Court denies the Motion for Preliminary Injunction [14].

**BACKGROUND**

The Court assumes familiarity with the factual background outlined in its September 4, 2025, Memorandum Opinion. (Dkt. 102). At bottom, this case is part of a larger litigation alleging that various overlapping Defendants engaged in a fraudulent real-estate investment scheme. Plaintiffs allege Defendants, including Chase Real Estate, LLC ("Chase Real Estate") and Marcin Chojnacki, among others, engaged in a fraudulent enterprise through which Defendants misrepresented the conditions and ownership of real estate properties to induce Plaintiffs to purchase them. (Dkt. 9).

In the present motion, Plaintiffs allege that Defendants have fraudulently conveyed, converted, encumbered, and/or dissipated various assets in order to perpetuate their alleged scheme and cause irreparable harm to Plaintiffs. (Dkt. 14 at 2–4). Plaintiffs request that the Defendants, as well as their agents and officers be:

1

1. enjoined from transferring, disposing, liquidating real property;
2. enjoined from transferring, disposing, dissipating cash or cash equivalents except for in the normal course of business;
3. enjoined from dissolving, cancelling, or allowing any entity to dissolve, go into bad standing, or otherwise lapse;
4. ordered to provide the court an accounting of all proceeds realized from the improper disposition of assets, including the dissolved or terminated entities described herein, closed bank accounts described herein, and equity lines and/or mortgages and/or other encumbrances taken out on the real estate described herein; and proceeds from the sale of real estate described herein.

(Dkt. 14 at 15–16).

Chase Real Estate, along with the other Defendants, contends the Court does not have the jurisdiction to grant injunctive relief and, in the alternative, that Plaintiffs' request does not meet the high bar necessary to justify injunctive relief. (Dkt. 29; *see also* Dkts. 27–28).

**LEGAL STANDARD**

"A preliminary injunction is 'an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.' " *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023) (quoting *Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021)). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Halczenko v. Ascension Health, Inc.*, 37 F.4th 1321, 1324 (7th Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Although the likelihood-of-success prong is often the decisive factor, *Braam v. Carr*, 37 F.4th 1269, 1272 (7th Cir. 2022), irreparable harm is the sticking point here. Accordingly, the Court does not reach the merits, the balance of equities, or the public interest.[1]

---

[1] Plaintiffs drop a footnote to suggest that "they also likely have concurrent relief under F.R.C.P. 64, 740 ILCS 160/5(a)" but provide no argument in support of this avenue. (Dkt. 14 at 1, n.1). The Court declines to address a question not properly raised. *See Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 360 (7th Cir. 1987) (noting that a trial judge is "not obligated to conduct a search for other issues which may lurk in the pleadings"); *Dental USA, Inc. v. Beak & Bumper, LLC*, 2014 WL 683709, at *2, n.3 (N.D. Ill. Feb. 21, 2014) (declining to address a party's request briefly referenced in a footnote).

## DISCUSSION

### I.    Statutory Authorization Under 18 U.S.C. § 1964

As a threshold matter, the Defendants argue that injunctive relief is not available to a private plaintiff in a civil RICO case under 18 U.S.C. § 1964. (Dkt. 29-1 at 4). But Congress instructed that the RICO statute is to "be liberally construed to effectuate its remedial purposes," *Nat'l Organization of Women v. Scheidler*, 267 F.3d 687, 698 (7th Cir. 2001 (citation modified) (quoting Pub. L. No. 91–452, § 904(a), 84 Stat. 947 (1970)), *rev'd on other grounds*, *Scheidler v. Nat'l Organization of Women*, 537 U.S. 393 (2003), and the Seventh Circuit has noted that "the plain text of the statute strongly suggests that private plaintiffs can seek injunctions." *Scheidler*, 267 F.3d at 698, 699; *accord Domanus v. Lewicki*, 857 F. Supp. 2d 719, 723 (N.D. Ill. 2012). Furthermore, the underlying purpose of RICO, as the Supreme Court has observed, is "not merely to compensate victims but to turn them into prosecutors, 'private attorneys general,' dedicated to eliminating racketeering activity." *Rotella v. Wood*, 528 U.S. 549, 557 (2000). Construing § 1964 to allow private plaintiffs to seek injunctive relief along with damages, then, "is fully consistent with this role for civil RICO litigation." *Scheidler*, 267 F.3d at 698.

### II.    Preliminary Injunction

If a movant fails to show irreparable harm, that alone is grounds to deny a preliminary injunction. *DM Trans, LLC v. Scott*, 38 F.4th 608, 618 (7th Cir. 2022); *see also Halczenko*, 37 F.4th at 1325–26 ("[I]n every case in which the plaintiff wants a preliminary injunction he must show that he has no adequate remedy at law, and that he will suffer irreparable harm if the preliminary injunction is not granted." (citation modified) (quoting *Roland Machinery Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). "Harm is irreparable if legal remedies are inadequate to cure it," meaning "the remedy must be seriously deficient as compared to the harm

3

suffered." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 545 (7th Cir. 2021) (quoting *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)).

Here, Plaintiffs contend that Defendants' reorganization, dissolution, and formation of various entities is causing irreparable harm. (Dkt. 14 at 14). Plaintiffs' proposed chain of logic is that Defendants' allegedly ongoing behavior will only lead to more fraudulent transactions, which will grow the pool of plaintiffs, and thus impede existing victims in their ability to recover damages. (*Id.*) But that hypothetical series of events does not answer the core inquiry under the "irreparable harm" factor: will damages provide an adequate remedy if Plaintiffs prevail on their claims? Nothing in Plaintiffs' briefing suggests the answer is no. *See D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016) ("The only harm that D.U. claims at this time is the depletion of funds. Because money damages could make D.U. whole again should she prevail in her lawsuit, she does not meet the standard for irreparable harm."); *see also Roland*, 749 F.2d at 386 (describing situations where money damages are inadequate).

Irreparable does not mean repair that is difficult, time-consuming, tiring, or complicated. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (noting that the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Although a defendant's potential insolvency can render damages inadequate, *see Roland*, 749 F.2d at 386 (citing *Signode Corp. v. Weld-Loc Sys., Inc.*, 700 F.2d 1108, 1111 (7th Cir. 1983)), nothing on the record suggests that the Defendants are at risk of becoming insolvent. Nor is there any indication that the nature of Plaintiffs' losses would "make[] it difficult to calculate damages." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am.*, Inc., 549 F.3d 1079, 1095 (7th

Cir. 2008). Plaintiffs' desire to stop Defendants from perpetuating their alleged scheme and inviting additional potential plaintiffs into this litigation is a legitimate concern. But it does not demonstrate the kind of irreparable harm necessary to invoke equitable interventions at this stage of the litigation.

For these reasons, the Motion for Preliminary Injunction [14] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: September 25, 2025